UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jose Apollo, Sr., )
                  )
        Plaintiff, )
                  )
    v.            ) Civil Action No. 17-1683 (UNA)
                  )
T-Mobile,         )
                  )
        Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief can be granted).

Plaintiff is a resident of Washington, D.C. He sues a private defendant, T-Mobile, located in Bellevue, Washington. Plaintiff alleges that "[u]pon instincts, suspicions and clear steady interferences on the Plaintiff['s] cellular contact, and still today in time, [he] asked [Defendant] if his cellular is been [sic] bugged and his telephone carrier confirmed . . . that yes, his contact cellular telephone is under electronic surveillance[.]" Compl. at 1-2. Allegedly, Defendant "cannot release any details" without "a court order from a judge ordering the release and details of the telephone tap." *Id.* at 2. Plaintiff claims that he has a constitutional right "to find out exactly who is violating his Rights to Privacy[.]" *Id.* He seeks an order to compel "the identity of the agency who authorize[d] the electronic surveillance, the period which such started interception was and is authorized [and] a statement from T.Mobile as to whether or not the

1

interception shall automatically terminate and most importantly who was the applicant judge." *Id.*

Plaintiff sues directly under the Fourth Amendment to the U.S. Constitution, and he seeks injunctive relief. *See* Compl. at 2. But "[i]t is clear that, whatever the source of the [alleged privacy] right, the protection is only as against *government* intrusions into a person's privacy." *Simmons v. Sw. Bell Tel. Co.*, 452 F. Supp. 392, 394 (W.D. Okla. 1978), *aff'd*, 611 F.2d 342 (10th Cir. 1979) (citing *Griswold v. Connecticut*, 381 U.S. 479, 483 (1965); *Katz v. U.S.*, 389 U.S. 347, 350 (1967) (other citations omitted) (emphasis added)); *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971) ("[T]he Fourth Amendment operates as a limitation upon the exercise of federal power[.]"); 42 U.S.C. § 1983 (providing private right of action against individuals who violate constitutional rights while acting under authority "of any State or Territory or the District of Columbia"). Plaintiff has stated no claim against the sole defendant, which is a private entity. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 17, 2017

_____
United States District Judge